UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
RICHARD KEARNEY,

                       Petitioner,

-against-

H. GRAHAM, Superintendent,

                       Respondent.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
15-CV-4829 (CBA)

**AMON, United States District Judge:**

Petitioner Richard Kearney, proceeding pro se, has petitioned the Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Kearney was convicted of Manslaughter in the First Degree and Criminal Possession of a Weapon in the Fourth Degree. He was sentenced to twenty years for the Manslaughter charge and to a concurrent one-year sentence for the Weapons Possession charge. He was later re-sentenced and given an additional five years post-release supervision. For the reasons stated below, Kearney's petition is denied.

## BACKGROUND

On November 30, 1999, Kearney shot his tenant Bernard Giles to death with a shotgun in Queens, New York. Kearney then fled the scene of the crime and the jurisdiction. Two years later, Kearney was arrested in Tennessee. (D.E. # 6, ("Resp. Mem.") at 3.)

Kearney was convicted of Manslaughter in the First Degree, N.Y. Penal Law § 125.20(1), and Criminal Possession of a Weapon in the Fourth Degree, N.Y. Penal Law § 265.01(2), following a bench trial in the New York Supreme Court, Queens County. (Resp. Mem. at 3.) On September 10, 2003, Kearney was sentenced to a term of twenty years' imprisonment. (Id. at 3–4) Kearney's sentence and conviction were affirmed on direct appeal, see People v. Kearney, 25 A.D.3d 622 (2d Dept. 2006); People v. Kearney, 6 N.Y.3d 849 (2006), and Kearney's collateral

challenges to his conviction and sentence failed both in his state-court § 440.10 proceedings, (see Resp Mem. at 4–5), and on federal habeas review, Kearney v. Graham, 06-cv-6305, D.E. # 27 (E.D.N.Y. Oct. 30, 2008).

On February 28, 2012, the Department of Correctional Services notified the New York Supreme Court that the court had failed to impose post-release supervision and that re-sentencing pursuant to § 601-d of the New York Correction Law was necessary to correct the error. (Resp. Mem at 6.) At the time, Kearney's conditional release date was in 2018. (Id.) The matter was placed on the New York Supreme Court's calendar and a re-sentencing hearing was scheduled for April 18, 2012. (Id. at 7.) After the hearing, the New York Supreme Court sentenced Kearney to five years of post-release supervision to be added to his twenty-year sentence of incarceration, which Kearney was still serving. (Id. at 8.) His sentence was affirmed on direct appeal. People v. Kearney, 116 A.D.3d 1064 (2d Dept. 2014); see also People v. Kearney, 24 N.Y.3d 962 (2014).

Kearney filed the instant habeas petition pro se on August 14, 2015. (D.E. # 1.) Kearney argues that his re-sentencing, which added five years of post-release supervision to his twenty-year sentence, violated the U.S. Constitution's Double Jeopardy and Due Process Clauses, because Kearney purportedly had a legitimate expectation of the duration of his sentence by the time of the re-sentencing. Kearney also argues that he was sentenced twice, which he claims is cruel and unusual punishment in violation of the Eighth Amendment. Kearney also claims that the State of New York violated its own laws by re-sentencing him.

## STANDARD OF REVIEW

Under 28 U.S.C. § 2254, a habeas petitioner must show that a state-court decision, having been adjudicated on the merits, is either "contrary to, or involved an unreasonable application of, clearly established Federal law" or is "based on an unreasonable determination of the facts in light

of the evidence presented in the State court proceeding" in order to establish entitlement to habeas relief. 28 U.S.C. § 2254(d). This is a "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (quoting Woodford v. Visciotti, 537 U.S. 19, 24 (2002) (per curiam)); see also Woods v. Donald, 135 S. Ct. 1372, 1376 (2015) (per curiam). Federal habeas review is limited to determining whether a petitioner's custody violates federal law, see 28 U.S.C. § 2254(a), and "does not lie for errors of state law," Swarthout v. Cooke, 562 U.S. 216, 219 (2011).

In addition, a petition for a writ of habeas corpus shall not be granted "unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "State remedies are deemed exhausted when a petitioner has 'presented the federal constitutional claim asserted in the petition to the highest state court . . . and informed that court (and lower courts) about both the factual and legal bases for the federal claim.'" See King v. Demarco, No. 11–CV–2000, 2011 WL 3471548, at *1 (E.D.N.Y. Aug. 3, 2011) (quoting Ramirez v. Att'y Gen. of N.Y., 280 F.3d 87, 94 (2d Cir. 2001)).

## DISCUSSION

As noted above, Kearney brings four claims sounding in: (1) Double Jeopardy; (2) Due Process; (3) the Eighth Amendment; and (4) New York state law. Each argument is addressed in turn.

I.  **Double Jeopardy**

Kearney claims that Respondent violated the Double Jeopardy Clause when he was re-sentenced to include five years of post-release supervision in 2012. The Double Jeopardy Clause states that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." Kearney argues that he has been punished twice for the same offense, but the relevant U.S.

3

Supreme Court Double Jeopardy Clause jurisprudence does not favor him.

For example, in United States v. DiFranceso, 449 U.S. 117 (1980), the U.S. Supreme Court stated that "the Double Jeopardy Clause does not require that a sentence be given a degree of finality that prevents its later increase." Id. at 137. The Supreme Court explained that a criminal sentence is not entitled to the same degree of constitutional finality that attaches to an acquittal. Id. at 132. It continued that "[t]he Double Jeopardy Clause does not provide the defendant with the right to know at any specific moment in time what the exact limit of his punishment will turn out to be." Id. at 137. Earlier, in Bozza v. United States, the U.S. Supreme Court held that incorrect sentences could be set aside on appeal and that re-sentencing merely takes what the original sentencing court had no authority to do and replaces it with what the law requires. 330 U.S. 160, 166–67 (1947). The Court noted that the "constitution does not require that sentencing should be a game in which a wrong move by a judge means immunity for the prisoner." Id. Kearney does not dispute that his original sentence was handed down in violation of New York Penal Law § 70.45 because it did not include a period of post-release supervision. His re-sentencing to correct this error fits comfortably within DiFrancesco and Bozza.

The Court agrees with the Second Department's decision below that People v. Lingle, 16 N.Y.3d 621 (2011), squarely governs. In Lingle, the New York Court of Appeals held that the Double Jeopardy Clause does not bar a court from resentencing a defendant to include post-release supervision when the trial court failed to do so initially and that failure resulted in an illegal sentence. Lingle, 16 N.Y.3d at 629–30. It reasoned that, "defendants are presumed to be aware that a determinate sentence without a term of PRS is illegal and subject to correction and therefore cannot claim a legitimate expectation that the originally-imposed, improper sentence is final for all purposes." Id at 630. District Courts in this Circuit uniformly agree. See, e.g., Prendergast v.

Rivera, No. 06-cv-5314 (BMC), 2011 WL 4899945, at *8–9 (E.D.N.Y. Oct. 13, 2011); Warren v. Rock, No. 12-cv-3101 (JG), 2012 WL 2421916, at *2 (E.D.N.Y. Jun. 27, 2012); Harnett v. Conway, No. 08-cv-1061 (JPO), 2014 WL 6290285, at *9–10 (S.D.N.Y. Nov. 17, 2014); Todd v. Dolce, No. 13-cv-5421 (NGG), 2015 WL 4488455, at *10–11 (E.D.N.Y. Jul 22, 2015). This Court joins this consensus and finds that the state court did not violate clearly established law by re-sentencing Kearney to post-release supervision while he was still serving his original sentence. Kearney's Double Jeopardy claim is denied.

**II. Due Process**

Kearney claims that his re-sentencing violated his right to Due Process under the Fourteenth Amendment. Specifically, Kearney argues that the re-sentencing occurred after the expiration of the prosecutor's statutory time to appeal or move to correct his sentence pursuant to N.Y. Criminal Procedure Law § 440.40. (D.E. #1, Pet. Aff. at 3.) But "federal habeas corpus relief does not lie for errors of state law" unless the error rises to the level of a violation of the United States Constitution. Estelle v. McGuire, 502 U.S. 62, 67, 72 (1991). Kearney's argument that his re-sentencing violated § 440.40 is "therefore not cognizable on federal habeas corpus review unless these state law violations amounted to a deprivation of petitioner's rights under the Due Process clause of the federal constitution." Prendergast, 2011 WL 4899945, at *10. "[T]he touchstone of due process is protection of the individual against arbitrary action of government." Cty. of Sacramento v. Lewis, 523 U.S. 833, 845 (1998). "[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense." Id. at 846. As such, Kearney states a viable Due Process claim only if his re-sentencing is "brutal and offensive" or "shocks the conscience." Id. at 846, 847.

Once again, the Second Department relied on Lingle to reject Kearney's Due Process claim. Once again, this Court agrees. In Lingle, the New York Court of Appeals determined that a resentencing did not shock the conscience because the decision "merely imposed statutorily required sentencing." Lingle, 16 N.Y.3d at 632–33. The Court of Appeals concluded that re-sentencing to add post-release supervision is not done out of "malice or sadism but out of a desire to see that the legislatively determined mandatory sentences were actually served." Id. at 633. Since post-release supervision is mandatory, the Lingle court concluded that its implementation was not likely to have caused the petitioner any surprise. Id. Kearney does not suggest any facts that differentiate his case from Lingle. On similar facts, courts in this Circuit have concluded that re-sentencing does not offend due process. See, e.g., Prendergast, 2011 WL 4899945, at *10; Warren, 2012 WL 2421916, at *2; Todd, 2015 WL 4488455, at *11–12. Upon realizing that Kearney's original sentence "failed to include a statutorily mandated period of post-release supervision," the New York court "appropriately followed the exact course prescribed by the Second Circuit . . . : It returned to the sentencing court and sought to correct the sentence through a judicial proceeding." Warren, 2012 WL 2421916, at *2 (citing Earley v. Murray, 451 F.3d 71, 76 (2d Cir. 2006), and Hill v. United States, 298 U.S. 460, 464 (1936)). Because Kearney failed to show that his re-sentencing violated his right to Due Process, his claim is denied.

### III. Eighth Amendment

Kearney claims that the New York Supreme Court's decision to re-sentence him to five years post-release supervision violated the Eighth Amendment of the U.S. Constitution's proscription against cruel and unusual punishment. (D.E. # 1, Pet. at 9.) On direct appeal, Kearney claimed in passing that "the court should have opted for the minimum PRS term available for the appellant" and that "a term of 2 ½ years PRS would be a sufficient amount of supervision." (D.E.

# 8, Appellant Brief, Appellate Division, Second Department at 9.) His brief did not mention the Eighth Amendment. (Id.) Nor did it use the words "cruel" or "unusual." (Id.)

Kearney's Eighth Amendment claim is not viable because he did not raise it on direct review in the state court. Federal law requires that a state prisoner seeking federal habeas corpus review must first exhaust all available state remedies. See 28 U.S.C. § 2254(b)(1)(A). In this case, the state court was not "fairly apprised that petitioner is raising a[n] [Eighth Amendment] claim and of the factual and legal premises underlying the claim." Grey v. Hoke, 933 F.2d 117, 119 (2d Cir. 1991). Passing reference to the appropriateness of a sentence does not suffice to apprise a court of a possible Eighth Amendment issue. See, e.g., Ferdinand v. Ercole, No. 04-CV-92 (RRM), 2008 WL 3200206, at *6–7 (E.D.N.Y. July 26, 2008); see also Jordan v. Lefevre, 206 F.3d 196, 198 (2d Cir. 2000) ("[M]aking only passing reference to possible other claims . . . does not fairly apprise the state court of those remaining claims."). Although a federal court may review a procedurally barred claim under certain circumstances, Kearney has not alleged circumstances justifying such review here. See Murray v. Carrier, 477 U.S. 478, 496 (1986).

In any event, Kearney's Eight Amendment challenge fails on the merits. As the Second Circuit has stated, "[n]o federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992). Here, Kearney's sentence of five years of post-release supervision was within the statutory range prescribed by N.Y. Penal Law § 70.45. This claim is therefore denied.

IV.   **Violation of State Law**

Kearney also claims that the New York state courts violated certain time limitations for altering sentences contained in §§ 440.40 and 430.10 of the New York Criminal Procedure Law and § 601-d of the New York Correction Law. (Pet. Aff. at 3, 7–8.) This claim fails to raise a

constitutional question. This Court is constrained to hear claims that allege a violation of the U.S. Constitution or federal laws. See 28 U.S.C. § 2254(a). The U.S. Supreme Court has clearly articulated that a perceived error of state law is not a ground upon which the writ of habeas corpus may issue. Mcguire, 502 U.S. at 67.

In any case, Kearney was not re-sentenced under § 440.40 of the New York Criminal Procedure Law, which applies only when the court is asked to "set aside [a] sentence . . . upon motion of the people." Section 430.10 does not contain a time limitation. It only limits a court's power to modify sentences that are "in accordance with law" after "the term or period of the sentence has commenced." And the time limits imposed by § 601-d of the New York Correction Law do not provide grounds to invalidate a re-sentencing, even under state law. See People v. Velez, 19 N.Y.3d 907, 909–10 (2012).[1]

## CONCLUSION

For the foregoing reasons, Kearney's petition for a writ of habeas corpus is denied. Kearney has not made a substantial showing of the denial of a constitutional right, so a certificate of appealability will not issue. See 28 U.S.C. § 2253. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: September 24, 2018
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge

---

[1] Kearney also appears to suggest that the New York legislature amended § 430.10 in 2010 to empower courts to correct sentences outside the time-limitation set by § 440.40 and that the application of this amendment to him violates the Ex Post Facto clause. (Pet. Aff. At 3–4.) Section 430.10 was not amended in 2010. As noted above, Kearney was re-sentenced pursuant to N.Y. Correction Law § 601-d, not § 440.40 or § 430.10. Construing Kearney's challenge as an Ex Post Facto claim against the application of § 601-d—passed in 2008—does not help him. Kearney did not raise this claim in the state court. In any event, courts have uniformly rejected Ex Post Facto challenges to this statute in contexts mirroring Kearney's. See, e.g., Nunez v. Gerbing, No. 14-cv-8475 (NSR), 2015 WL 5004559, at 8–9 (S.D.N.Y. Aug. 20, 2015).